726 A.2d 1289

IN THE MATTER OF ALLEGATIONS OF VIOLATIONS OF LAW AND ADMINISTRATIVE CODE BY A. FIORE & SONS, INC., ANDREW FIORE, JR., THEODORE FIORE, AND ANDREW FIORE, SR., (DECEASED) INDIVIDUALLY AND AS OFFICERS, DIRECTORS AND SHAREHOLDERS.

Argued February 1, 1999—Decided April 21, 1999.

*Gail M. Cookson,* Deputy Attorney General, argued the cause for appellant, New Jersey Department of Environmental Protection (*Peter Verniero,* Attorney General of New Jersey, attorney; *Andrea M. Silkowitz,* Assistant Attorney General, of counsel).

*Harry L. Starrett,* argued the cause for respondents A. Fiore & Sons, Inc., Andrew Fiore, Jr., Theodore Fiore and Andrew Fiore, Sr., (*Starrett & Klinghoffer,* attorneys).

PER CURIAM.

We granted certification principally to consider whether *C & A Carbone, Inc. v. Town of Clarkstown,* 511 *U.S.* 383, 114 *S.Ct.* 1677, 128 *L.Ed.*2d 399 (1994), and *Atlantic Coast Demolition & Recycling, Inc. v. Board of Chosen Freeholders of Atlantic County,* 112 *F.*3d 652 (3d Cir.1997) (*Atlantic Coast II* ), *cert. denied sub nom., Essex County Utilities Authority v. Atlantic Coast Demolition & Recycling, Inc.,* —— U.S. ——, 118 *S.Ct.* 412, 139 *L.Ed.*2d 316, and *cert. denied sub nom., Shinn v. Atlantic Coast Demolition & Recycling, Inc.,* —— U.S. ——, 118 *S.Ct.* 413, 139 *L.Ed.*2d 316 (1997), and *opinion amended by* 135 *F.*3d 891 (3d Cir.1998), should be applied retroactively to vacate administrative penalties imposed on respondents, A. Fiore & Sons, Inc., and others (Fiore) for pre–1994 violations of waste flow regulations that forbade the transportation of waste out of New Jersey and required disposal at designated in-state waste disposal facilities. *Carbone* held that a Clarkstown, New York, municipal waste flow ordinance that required all solid waste to be processed at a designated transfer station within the municipality violated the Commerce Clause of the Federal Constitution. The Court in *Carbone* found that because the ordinance discriminated against interstate commerce, it was invalid. *Atlantic Coast II* applied *Carbone* to New Jersey's flow control laws and regulations, finding them "unconstitutional insofar as they discriminate against out-of-state waste processing facilities." *Atlantic Coast II, supra,* 112 *F.*3d at 656. We are satisfied to affirm, on the basis of the opinion reported at 305 *N.J.Super.* 192, 701 *A.*2d 1303 (1997), the Appellate Division's judgment that *Carbone* and *Atlantic Coast II* should apply retroactively to cases in the pipeline challenging those aspects of the State's waste flow regulations that discriminate against interstate commerce. The Appellate Division remanded the matter to the Commissioner of the Department of Environmental Protection (DEP) for the "calculation of an appropriate reduced penalty" based on Fiore's unauthorized intrastate disposal of solid waste. 305 *N.J.Super.* at 208, 701 *A.*2d 1303.

Before us the Attorney General emphasized that even if the State's prohibition of the interstate disposal of waste was retroactively invalid, other violations of the pertinent regulations that were incidental or ancillary to the interstate aspects of the regulations were not thereby absolved. For example, a waste hauler who may justly protest a penalty for transporting waste out of state should not, the Attorney General argues, escape responsibility for filing false shipping manifests (stating, for example, that it was transporting waste to Passaic County when it took the waste out of state) or filing false tariffs (stating that its rates were based on in-state disposal when it may have paid lower rates for disposal out of state). *See State v. Moscato,* 253 *N.J.Super.* 253, 258, 601 *A.*2d 743 (App.Div.), *certif. denied,* 130 *N.J.* 6, 611 *A.*2d 646 (1992) (explaining that solid waste franchises are awarded at published rates and charges, provided that franchises conform to approved waste management plans).

Following the Appellate Division's opinion, DEP and Fiore entered a comprehensive settlement of civil penalties for all of Fiore's activities except the matter in dispute here concerning retroactivity. The settlement provides for the payment to the DEP of $400,000 in civil penalties, customer refunds in the amount of approximately $5 million and restrictions on the ability of the principals of Fiore to operate in the solid waste industry. Because the agreed-upon amount of the penalty attributable to matters in dispute here is $1000, we see no need to parse further the violations to determine what portions of the penalties would be saved from invalidation by the retroactive application of *Carbone* and *Atlantic Coast II.*

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN—7.

*Opposed*—none.